United States District Court
Southern District of Texas
**ENTERED**
March 24, 2026
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISON

JOSE LUIS TOVAR  §
    Plaintiff,  §
      §
*versus*  §   CIVIL ACTION NO. 7:25-cv-374
      §
UNITED STATES OF AMERICA.  §
    Defendant.  §

## MEMORANDUM AND RECOMMENDATION

Plaintiff, Jose Luis Tovar, proceeding *pro se*, initiated this action by filing Motion for Return of Seized Property Pursuant to Rule 41(g) ("Plaintiff's Motion") on July 29, 2025. (*See* Dkt. No. 3).[1] Therein, Plaintiff seeks the return of all documents and materials seized from his home on May 24, 2012, pursuant to a warrant executed by a government task force. (*Id.* at 1). Defendant, United States, filed Respondent's Response and Motion to Dismiss Petitioner's Motion to Have Personal Property Returned ("Defendant's Motion") on January 20, 2026. (*See* Dkt. No. 12). This matter was subsequently referred to the undersigned magistrate judge for consideration pursuant to 28 U.S.C. § 636(b) and LR 72.

After careful review of the record and relevant law, the undersigned is of the opinion that Defendant's Motion (Dkt. No. 12) should be **GRANTED** and Plaintiff's Motion (Dkt. No. 3) should be **DENIED**.

---

[1] A Rule 41(g) motion filed after the underlying criminal case has concluded is properly construed as a civil action. *United States v. Clymore*, 217 F.3d 370, 373 n.6 (5th Cir. 2000) (citing *Pena v. United States*, 122 F.3d 3, 4 n.3 (5th Cir. 1997)). Thus, Plaintiff was required to either pay the filing fee or submit an application for leave to proceed in forma pauperis. Plaintiff filed Application to Proceed In Forma Pauperis ("IFP Motion") on August 18, 2025. (*See* Dkt. No. 4). The IFP Motion was subsequently granted on September 5, 2025. (*See* Dkt. No. 6).

1

## I.   BACKGROUND

Plaintiff was indicted on June 19, 2012, on two counts unlawful possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (*See United States v. Tovar, et al.*, Cause No. 7:12-cr-00964-1, Dkt. No. 53 at 1-2). Plaintiff pleaded guilty on September 11, 2012, to both counts. (*See United States v. Tovar, et al.*, Cause No. 7:12-cr-00964-1, Dkt. Entry, Dated September 11, 2012). Plaintiff was subsequently sentenced before the Honorable District Judge Alvarez to 120 months' custody as to each count, to run, in part, consecutively and concurrently, to serve no more than 210 months, followed by 3 years of supervised release. (*See United States v. Tovar, et al.*, Cause No. 7:12-cr-00964-1, Dkt. Entry, Dated December 12, 2012). The case was terminated the same day. (*Id.*). Plaintiff filed a Notice of Appeal on December 21, 2012. (*See United States v. Tovar, et al.*, Cause No. 7:12-cr-00964-1, Dkt. No. 163). On April 10, 2014, the Fifth Circuit Court of Appeals affirmed the decisions of the district court. (*See United States v. Tovar, et al.*, Cause No. 7:12-cr-00964-1, Dkt. No. 247).

Plaintiff filed pending motion on July 29, 2025, seeking the return of all documents and materials seized pursuant to a warrant executed by a government task force. (Dkt. No. 3 at 1). Plaintiff contends the government executed a search warrant and obtained all the referenced items, in connection with an investigation that led to Plaintiff's criminal conviction. (*Id.* at 1-2). Plaintiff claims he is the rightful owner of the seized property and is lawfully entitled to possession of the materials seized within the meaning of Rule 41(g) of the Federal Rules of Criminal Procedure. (*Id.* at 2). Accordingly, Petitioner seeks the return of the following items:

- 1 Apple Computer
- 2 video cameras
- (All) photographs
- (All) mobile phone records extracted from seized mobile phones
- 2 mobile phones
- 1 SD card

- 1 memory chip
- (All) miscellaneous papers seized from Plaintiff's home
- 1 FBI photo identification card seized from Plaintiff's safe (photo identifies Plaintiff as working for the FBI as a C.I.).

(Dkt. No. 3 at 4).

This Court ordered Defendant to file an answer by January 20, 2026, and Plaintiff to file a response by February 19, 2026. (*See* Dkt. No. 10).

Defendant filed a response on January 20, 2026. (*See* Dkt. No. 12). First, Defendant claims that all of the subject property has been destroyed and/or released. (*Id.* at 3). Next, Defendant explains that Plaintiff's Motion is filed twelve (12) years after his arrest, well past the six-year statute of limitations for such motions. (*Id.*). Finally, Defendant suggests that, even if Plaintiff had pleaded a conversion claim, it would fail because it is not alleged under the Federal Torts Claims Act, and because it would likewise be barred by the two-year statute of limitations period applicable to conversion claims in Texas. (*Id.* at 4).

Plaintiff failed to file a response by the Court ordered deadline and, as of the date of this filing, has yet to respond to Defendant's Motion.

## II.    APPLICABLE LAW/ANALYSIS

### A.    Legal Standard

#### 1.    Rule 12(b)(6)

In deciding a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007) (citing *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Bell*

3

*Atlantic Corp v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

Under Rule 8, the complaint need not contain detailed factual allegations, but Plaintiff must allege more than labels and conclusions; similarly, while the Court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported only by conclusory statements, will not do. *Id.* However, "to survive a motion to dismiss[,]" Plaintiff must "plead facts sufficient to show" that his claims have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff alleges entitles him to relief. *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam) (citing Fed. R. Civ. P. 8(a)(2)-(3), (d)(1), (e)).

The Court may not look beyond the pleadings. *See Spivey Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, pleadings may include attachments to the complaint. *See Katrina*, 495 F.3d at 205. Otherwise, the Court may not consider other documents.

### 2.    Rule 41(g)

Rule 41(g) of the Federal Rules of Criminal Procedure permits a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property [to] move for the

4

property's return." Fed. R. Crim. P. 41(g). Such a motion "brought after the criminal proceeding is over is treated as a civil equitable action for return of property[,]" and invokes "the Court's general equity jurisdiction under 28 U.S.C. § 1331." *Jacobo-Flores v. United States*, No. L-07-105, 2008 WL 4415146, at *2 (S.D. Tex. Sept. 24, 2008).

While "[e]quitable relief is not appropriate if the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief[,]" whether to ultimately exercise such equitable jurisdiction is subject to the discretion of the district court. *United States v. Mason*, 207 F. App'x 477, 477 (5th Cir. 2006) (unpublished).

However, a Rule 41(g) motion is appropriate only where the government possesses the property. *See Bailey v. United States*, 508 F.3d 736, 740 (5th Cir. 2007) ("If the district court finds that the government no longer possesses the [property] Bailey seeks, his motion must be denied because the government cannot return property it does not possess, and the doctrine of sovereign immunity bars the award of monetary damages under Rule 41(g).") (citing *Pena v. United States*, 157 F.3d 984, 986 (5th Cir. 1998)).

Similarly, the "six-year statute of limitations in 28 U.S.C. § 2401(a) applies to civil actions for the return of property." *Bailey*, 508 F.3d at 740 (citing *United States v. Wright*, 361 F.3d 288, 290 (5th Cir. 2004)).

### B.    Plaintiff's Claims

Plaintiff seeks the return of all documents and additional materials seized from his home on May 24, 2012, pursuant to a warrant executed by a government task force. (Dkt. No. 3 at 1). Plaintiff claims he is the owner of all of the property seized pursuant to the referenced warrant and is "lawfully entitled to possession of the material seized by the government agents within the meaning of Rule 41(g) of the Federal Rules of Criminal Procedure." (*Id.* at 2).

5

Defendant responds that they have communicated with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have confirmed that all of the subject property has been destroyed or released. (Dkt. No. 12 at 3-4). The Court takes this as true[2] and, because Defendant no longer possesses the property that Plaintiff seeks the return, a dismissal is warranted in this matter. *Bailey*, 508 F.3d at 740. This, alone, is sufficient to dispose of this matter. As such, the Court does not analyze any potentially applicable statute of limitations to determine whether Plaintiff's claim was timely filed.[3]

Accordingly, Plaintiff has failed to state a claim and dismissal is warranted.

### III.   **CONCLUSION**

#### *Recommended Disposition*

Accordingly, the Court recommends that Defendant's Motion (Dkt. No. 12) be **GRANTED** and Plaintiff's Motion (Dkt. No. 3) be **DENIED**. It is further recommended that Plaintiff's case be **DISMISSED** and the matter closed.

#### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). The district judge to whom this case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made. The district judge may accept, reject, or modify

---

[2] "Failure to respond to a motion will be taken as a representation of no opposition." LR 7.4. As noted, Plaintiff failed to respond to Defendant's Motion (Dkt. No. 12). The Court takes this silence as "a representation of no opposition."

[3] Defendant additionally suggests a potential, alternative argument: that Plaintiff would fail in raising a conversion claim. (Dkt. No. 12 at 12). However, because this argument was not raised in Plaintiff's Motion, nor included in any response, the Court does not address it.

6

the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from de novo review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice. *See Douglas v. United Serv. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

The Clerk shall provide a copy of this Order to Plaintiff and Counsel for Defendant.

**DONE** at McAllen, Texas, this 24th day of March 2026.

Juan F. Alanis
United States Magistrate Judge

7